11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Bryan Thayne Folkman 

Appellant

Vs.                   No.
11-03-00152-CR B
Appeal from Collin County

State
of Texas              

Appellee

 

The trial court convicted appellant of the
misdemeanor offense of driving while intoxicated and assessed his punishment at
180 days confinement in the Collin County Jail. 
The trial court suspended the sentence and placed appellant on community
supervision for a period of one year.  
In his sole appellate issue, appellant complains of the trial court=s denial of his motion to
suppress.  Specifically, appellant
attacks the basis of the initial traffic stop of his vehicle which led to his
arrest.  We affirm.

Department of Public Safety Trooper Kevin Huggins
was the only witness at the hearing on appellant=s
motion to suppress.  He testified that,
on August 15, 2002, at about 9:30 p.m., he received a dispatch to investigate
an incident that had occurred at Tim Bagert=s residence on FM 1377 in Collin
County.  Trooper Huggins said that, at
about 9:15 p.m., a motor vehicle had struck and destroyed Bagert=s mailbox.  Trooper Huggins arrived at Bagert=s
residence at about 10:15 p.m.  Bagert did not know who had hit his mailbox.  The front license plate of the vehicle had
fallen off during the incident, and Bagert gave it to
Trooper Huggins.  Trooper Huggins
contacted the Collin County dispatchers to have them run the license plate for
registration and ownership information. 
By doing so, Trooper Huggins determined that the vehicle was a 1999 Ford
pickup and that appellant was the registered owner of the pickup. 








Trooper Huggins went to appellant=s residence, arriving at about 11:00
p.m.  He knocked  on the front door several times but
there was no response.  Trooper Huggins
decided to drive around appellant=s
neighborhood to see whether there were any vehicles that had damage consistent
with the incident that he was investigating. 
He saw someone driving a pickup that was very similar to the 1999 Ford
pickup that he was looking for.  The
pickup turned on to appellant=s
street.  Trooper Huggins turned on his
emergency lights as the pickup approached appellant=s
driveway.  The pickup pulled into the
driveway.  The driver got out of the
pickup and walked toward the garage. 
Trooper Huggins asked the driver to stop because he needed to talk with
him.  Appellant was the driver.  Trooper Huggins testified that, after the
pickup came to a stop, he saw that the license plate on the back of the pickup
matched the license plate that had been left at Bagert=s residence.  Trooper Huggins said that there was damage to
the front of the pickup.  Trooper Huggins
said that it was about 15 minutes from the first time that he knocked on
appellant=s door
until he stopped appellant=s
vehicle. Trooper Huggins arrested appellant for DWI.

Trooper Huggins testified that one of the purposes
of his stop of appellant=s
pickup was to investigate whether a criminal offense had occurred.  The criminal offense was the pickup operator=s  failure to comply with the statutory
notification requirements on striking a fixture at or near the highway.  See TEX. TRANSP.
CODE ANN. ' 550.025
(Vernon 1999).  Trooper Huggins
testified that the statute requires the person to reasonably notify the owner
of the property of the damage.   








At a suppression hearing, the trial court is the
sole and exclusive trier of fact and judge of the
credibility of the witnesses and their testimony.  Maxwell v. State, 73
S.W.3d 278, 281 (Tex.Cr.App.2002); Allridge
v. State, 850 S.W.2d 471, 493 (Tex.Cr.App.1991), cert. den=d, 510 U.S. 831 (1993).  In reviewing a trial court=s ruling on a motion to suppress,
appellate courts give great deference to the trial court=s
findings of historical facts as long as the record supports the findings.  Guzman v. State, 955
S.W.2d 85 (Tex.Cr.App.1997).  We
must afford the same amount of deference to the trial court=s rulings on Amixed
questions of law and fact,@
such as the issue of probable cause, if the resolution of those ultimate
questions turns on an evaluation of credibility and demeanor of the
witnesses.  Guzman v. State, supra
at 89.  Appellate courts, however, review
de novo Amixed
questions of law and fact@
not falling within the previous category. 
Guzman v. State, supra. 
When faced with a mixed question of law and fact, the critical question
under Guzman is whether the ruling Aturns@ on an evaluation of credibility and
demeanor.  Loserth v. State, 963
S.W.2d 770, 773 (Tex.Cr.App.1998). 
A question turns on an evaluation of credibility and demeanor when the
testimony of one or more witnesses, if believed, is enough to decide the
substantive issue. Loserth v. State, supra.  Because the trial court did not make explicit
findings of fact, we review the evidence in a light most favorable to the trial
court=s
ruling.  See Maxwell
v. State, supra at 281; State v. Ballard, 987 S.W.2d 889
(Tex.Cr.App.1999).

Appellant contends that the stop of his pickup and
his subsequent detention were illegal because the stop was made without a
warrant, probable cause, or reasonable suspicion.  A police officer may stop and briefly detain
persons suspected of criminal activity if the officer possesses a Areasonable suspicion@ to justify the investigative
detention.  Terry v.
Ohio, 392 U.S. 1 (1968); Davis v. State, 947 S.W.2d 240, 244
(Tex.Cr.App.1997).  In determining
the reasonableness of the investigative stop, we examine the totality of the
circumstances.  Woods
v. State, 956 S.W.2d 33, 38 (Tex.Cr.App.1997).  We look to the facts available to the officer
at the time of the stop to determine if a reasonable suspicion existed.  Davis v. State, supra at
243.  When viewed under the totality of
the circumstances and in light of the officer=s
experience, there must be particular facts and inferences rationally drawn from
those facts that create a reasonable suspicion that criminal activity is
afoot.  Terry v.
Ohio, supra at 27; Woods v. State, supra at 38.     

Under the totality of the circumstances presented
to Trooper Huggins, we conclude that he had reasonable suspicion for making the
stop of appellant=s
vehicle.  Section 550.025 of the
Transportation Code provides in part:

(a) The operator of a vehicle involved in an
accident resulting only in damage to a fixture or landscaping legally on or
adjacent to a highway shall:

 

(1) take reasonable steps
to locate and notify the owner or person in charge of the property of the accident
and of the operator=s name
and address and the registration number of the vehicle the operator was
driving. 

 








Trooper Huggins traced the license plate found at Bagert=s
residence to appellant=s
pickup, a 1999 Ford pickup.  When Trooper
Huggins was driving around in appellant=s
neighborhood, he saw a pickup that was very similar to the description of the
pickup that he had received from the Collin County dispatchers.  Trooper Huggins testified that the pickup
approached appellant=s
driveway.  Trooper Huggins had reason to
believe that the person who was operating the pickup at the time had been
involved in the offense of striking a fixture legally on or adjacent to a
highway without notifying the owner and leaving identifying information.  The facts justified Trooper Huggins=s investigative stop of appellant.  Appellant=s
sole issue is overruled.

The judgment of the trial court is affirmed.        

                                                                                    

TERRY McCALL

JUSTICE

February 5, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.